**DAVID L. BAKER (**SBN: 153445)
Rudolph Baker & Associates
419 19th Street
San Diego, California 92102
Telephone: 619-235-0010
Facsimile: 619-238-0144
dlbakerlaw@gmail.com

Attorneys for Defendant:
JUAN MENDOZA GOMEZ

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (THE HONORABLE JINSOOK OHTA)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 24-CR-482-JO |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| | DATE: DECEMBER 12, 2025 |
| **JUAN MENDOZA,** | TIME: 8:30 a.m. |
| Defendant. | |

**TO: Adam Gordon, United States Attorney, Mark Lauricella, Assistant U.S. Attorney, and to Christina Jones, United States Probation Officer:**

The defendant, Juan Mendoza (hereinafter Mr. Mendoza), through his counsel, David L. Baker, submits the following Sentencing Memorandum in support of his request for the sentence of 57 months' custody.

## I.
## STATEMENT OF FACTS

1

The Plea Agreement accurately presents the relevant facts in this case. Mr. Mendoza acknowledges his actions and feels terrible for everyone affected by this incident. Mr. Mendoza acknowledges things could have unfolded much differently and he is grateful to be alive and hopes to return to his family soon.

## II.
## SENTENCING CONSIDERATIONS

### A.   The Guidelines

Defense believes the following calculations of the advisory guideline range in this case:

| | |
|---|---|
| USSG 2D1.1(c) (1) 1410 kilos as per plea agreement | 38 |
| Adjusted Base Offense Level [§2D1.1(c)1]: | 34 |
| Piloting | +2 |
| Safety Valve | -2 |
| Acceptance of Responsibility [§3E1.1(a)]: | -3 |
| Zero-point offender | -2 |
| Appellate waiver | -2 |
| **Adjusted Offense Level:** | **25** |
| **Sentencing Guideline Range:** | **57-71 months** |

Mr. Mendoza acknowledges that 1410 kilos of cocaine in an open bow boat may not appear to be minor role eligible. However, when you look at the background of the participants and Mr. Mendoza's lack of involvement in the overall drug production and distribution corporation, minor role should be considered.

<u>Circumstances of the Offense and Characteristics of the Defendant</u>

The fishing industry in the Americas has always been a noble profession performed by hard working men and women. The skills needed to be proficient have been passed down from generation to generation.

2

In recent years overfishing, environmental impact, foreign poachers in local waters and criminal organizations taking over, have ruined the livelihood of entire communities. Mr. Mendoza is a victim of this phenomenon.

At 57 Mr. Mendoza has spent most of his life fishing. Recently he has tried to make a living as an Uber driver. However, his skill set and his life has been in the fishing industry.

As spelled out in the PSR Mr. Mendoza is a hard-working family man. He cares for his children, stepchildren, his wife and his mother who suffers from dementia. Mr. Mendoza became involved out of desperation and a belief this was his only choice. Mr. Mendoza has lived his 57 years of life crime free. Mr. Mendoza hopes to learn English while in custody. He is hoping to take a skill back to Ecuador that he can use to improve his life and his family's future. Having been in custody since 2024, Mr. Mendoza has felt loneliness, despair and physical and mental pain. Mr. Mendoza will not return, and we will not let himself get involved in future criminal conduct.

Protecting the Public

Outside of custody, Mr. Mendoza presents a low risk of danger to the public. This is the first time Mr. Mendoza has been incarcerated for criminal conduct; Mr. Mendoza presents a low risk of recidivism. Mr. Mendoza will be deported to Ecuador, and it is highly unlikely he will ever travel outside his country. Mr.

3

Mendoza's plans and support structure greatly reduce his risk of recidivism. He is close with his family and will have their support. Mr. Mendoza hopes to learn English and incorporate his English skills with driving an Uber to increase his ability to earn a living away from the docks and the bad element that has creeped into the fishing industry. Having a stable residence and stable employment will greatly reduce the risk that Mr. Mendoza will find it necessary to return to criminal activity. Lastly, Mr. Mendoza has had a difficult time in custody, and he wants to stay away from any chance of returning to jail. All these factors combine to reduce the risk of recidivism and keep society safe as a result.

The government in its memo compares this case to other boat cases. Unfortunately, like car cases at the border every case and every defendant is different. Mr. Mendoza did not have the ability to choose the type or quantity of narcotics the organization loaded on the boat. To compare the loads of these different cases with small percentages and to try and average the amount of time different defendants receive in totally different circumstances, completely undermine the individual currently before the court. This is not how justice should be meted out.

**B.     Analysis and Request for Variance**

For the above factors, and sentencing guidelines discussion, Mr. Mendoza requests a sentence of 57 months. The circumstances of Mr. Mendoza's life journey, his personal characteristics, and the circumstances and characteristics of his offense

4

wholly warrant the requested sentence. The requested sentence perfectly furthers the goals advanced in § 3553 without being too lenient or too harsh.

## CONCLUSION

For the above reasons Mr. Mendoza respectively asks the Court to impose 57 months' custody. Such a sentence serves the goals of punishing Mr. Mendoza's conduct and deterring him from future crime, while also allowing Mr. Mendoza to return to his family.

DATED: **December 5, 2025,**                              Respectfully submitted,

s/ David L. Baker
DAVID L. BAKER
Attorney for Defendant
Juan Mendoza

I have electronically notified all parties as to the filing of this document.

s/Baker
David Baker
